UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LINDSAY OLSON,<br><br>                        *Plaintiff*,<br><br>   -v-<br><br>LAW OFFICES OF AUBREY WEBB, *et al.*<br><br>                       *Defendants*. | Case No. 25-cv-24904 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

    Defendants Law Offices of Aubrey Webb and Aubrey Webb (together, "Defendants" or "Aubrey Webb"), files this Reply in support of their Motion to Dismiss Plaintiff Lindsay Olson's Complaint.

**ARGUMENT**

    The facts are not in dispute. After Olson's full report was filed on PACER and made available to the public, which she was aware would happen when she contracted to do it, Mr. Webb filed the report as supplemental authority—once. This is Plaintiff's entire copyright claim. She is wasting this Court's resources with this lawsuit and her other lawsuits against January 6 attorneys.

    Contrary to the Plaintiff's claim that the discovery rule governs the statute of limitations issue here, "[t]he Eleventh Circuit has applied two rules for determining the date of accrual in copyright infringement cases: the discovery rule and the injury rule." *Mishiyev v. UMG Recordings, Inc.*, 2025 WL 2624425, at * 2 (M.D. Fla. Sept. 11, 2025) (citing *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023) (quotation marks omitted). Regardless, the Plaintiff's claim is time-barred under *both* the discovery rule and the injury rule. *See* Motion to Dismiss, ECF No. 22 pp. 7-11.

    More specifically, as to the discovery rule, courts have long rejected a plaintiff's ostrich

1

defense when the purported injury was public record. *See, e.g., Masters v. Boston Sci. Corp.*, 404 Fed. Appx. 127, 128 (9th Cir. Cal. 2010) (finding that the discovery rule would not apply to extend the statute of limitations; the plan that contained the facts giving rise to the cause of action for breach of contract was filed with the SEC and available on its web site); *Bibeault v. Advanced Health Corp.*, 1999 U.S. Dist. LEXIS 7173, *11-15 (S.D.N.Y. May 12, 1999) (holding claims were barred by the statute of limitations that began to run when public documents were filed with the SEC, as it gave plaintiff constructive knowledge of the facts upon which his claims were based); *Ford v. Litton Loan Servicing LP*, 2015 WL 5021701 (N.D. Miss. Aug. 24, 2015) ("While the discovery rule . . . may toll the statute of limitations in some cases, it does not apply to matters of public record.").

And despite the Plaintiff's assertions, judicial notice can be used in this Circuit to determine facts in a motion to dismiss regarding statute of limitations. *Wainberg v. Mellichamp,* 93 F.4th 1221, 1224 (11th Cir. 2024) (citation and quotation omitted) ("[D]ismissal on statute-of-limitation grounds is proper only where it is apparent from the face of the complaint that the claim is time-barred."). As such, in taking judicial notice, this Court can conclude Olson's litigation record in the D.C. District demonstrates she was more than aware for the past three years that other attorneys had cited her public report. In other words, it is too late to cry she did not know other January 6 attorneys cited her publicly-available report in their publicly-available filings.

As to collateral estoppel, the Plaintiff engages in a sleight of hand. She argues the doctrine cannot apply because, in the *Hull McGuire* case, where the jury rejected the identical infringement claim here, it involved a slightly different report dated October 2022, and not the April 2022 report at issue here. However, using judicial notice, this Court can compare subject report in this case (attached to the Complaint as Exhibit A) with the October 2022 report at issue in *Hull McGuire*. See Complaint, Exhibit C, at 12-38, *In Lux Research, et al., v. Hull McGuire*

*PC, et al.,* 1:23-cv-00523-JEB (D.D.C.) (ECF No. 001-3) (Feb. 24, 2023). It is essentially the same report, and thus a distinction without a difference.

Notably, the Plaintiff fails to mention that other defendants in the *Hull McGuire* case had their motions to dismiss granted. *See* Memorandum Opinion, at 2, *In Lux Research et al v. Hull McGuire PC et al*, 1:23-cv-00523-JEB (D.D.C.) (Sept. 19, 2023) (ECF No. 061) ("As the Court agrees that Plaintiffs fail to state a claim of copyright infringement against Moving Defendants, it will dismiss that count[.]").

Instead, the Plaintiff makes much ado that, in *Hull McGuire*, Judge Boasberg denied a motion to dismiss the April 2022 report made by the Miami attorneys for co-defendant Enrique Tarrio. But when one actually reads Judge Boasberg's opinion, he denied it mostly in frustration at their substandard briefing, not on its merits. *See* Memorandum Opinion, at 1, *In Lux Research, et al., v. Hull McGuire PC, et al.*, 1:23-cv-00523-JEB (Feb. 26, 2024) (ECF No. 083). Ultimately, at the trial in *Hull McGuire*, the Plaintiff presented an identical claim of copyright infringement to the jury, and the jury rejected it.

As to fair use, the Plaintiff fails to provide a substantial rebuttal to the Defendants' arguments and the case law cited in their Motion to Dismiss. To be clear, the Defendants do not contend that filing any song, movie script, or photograph on PACER loses its copyright protections from later commercial use. Rather, the Defendants assert that a copyright claim in this context does not eclipse the public's right to access judicial records in judicial proceedings. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978) (recognizing a "general right to inspect and copy public records and documents, including judicial records and documents."); *Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."). Any litigant or attorney can go on PACER, find and cite any brief, transcript, or exhibit in its own filings in support of their case.

Here, there is no doubt that Plaintiff's report was filed on PACER with her knowledge and consent—in its entirety, unredacted, and not under seal.

## CONCLUSION

For the reasons contained herein and in the Motion to Dismiss, the Defendants respectfully request that this Court dismiss the Complaint with prejudice. Defendants also request an award of reasonable attorney's fees, expenses, and costs incurred in defending against this lawsuit, pursuant to 17 U.S.C. § 505. In this regard, Plaintiff fails to address that she is suing two Defendants, and one of them is not pro se.

Dated: February 9, 2026                          Respectfully submitted,

                                        By:    /s/Aubrey Webb
                                               Aubrey Webb, Pro Se, and as attorney for
                                               Law Offices of Aubrey Webb, P.A.
                                               PO Box 09118
                                               Miami, FL 33101
                                               FBN: 622915
                                               786-302-0928
                                               aubrey@aqwattorney.com

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on February 9, 2026, a true and correct copy of the foregoing motion was served upon all counsel of record via the Court's CM/ECF system.

                                               /s/ Aubrey Webb
                                               Aubrey Webb